**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

No. 16-4504

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

SULTANA SIDDIQUI, a/k/a Sultana Ahmad,

Defendant - Appellant.

Appeal from the United States District Court for the District of Maryland, at Greenbelt. Theodore D. Chuang, District Judge. (8:15-cr-00243-TDC-1)

Submitted: April 28, 2017                                      Decided: May 9, 2017

Before WILKINSON, DUNCAN, and WYNN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Kira Anne West, LAW OFFICE OF KIRA ANNE WEST, Washington, D.C., for Appellant. Ray Daniel McKenzie, Assistant United States Attorney, Greenbelt, Maryland, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Sultana Siddiqui appeals her conviction and 24-month sentence after pleading guilty to conspiracy to commit mail fraud and wire fraud, in violation of 18 U.S.C. § 1349 (2012). Siddiqui's counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), stating that there are no meritorious issues for appeal but questioning whether Siddiqui should have received a two-level Sentencing Guidelines offense level reduction for being a minor participant in the criminal activity. Siddiqui has filed a pro se brief raising the same issue and further arguing that the district court failed to consider mitigating circumstances at sentencing, that her loss and restitution amounts are too high, and that her trial counsel rendered ineffective assistance. Finding no reversible error, we affirm.

We review Siddiqui's sentence for both procedural and substantive reasonableness "under a deferential abuse-of-discretion standard." *Gall v. United States*, 552 U.S. 38, 41 (2007). We must ensure that the district court committed no significant procedural error, such as improperly calculating the Guidelines range. *Id.* at 51. If there is no significant procedural error, we then consider the sentence's substantive reasonableness under "the totality of the circumstances, including the extent of any variance from the Guidelines range." *Id.* We presume that a sentence within a properly calculated Guidelines range is reasonable. *United States v. Louthian*, 756 F.3d 295, 306 (4th Cir. 2014). A defendant can rebut this presumption only "by showing that the sentence is unreasonable when measured against the 18 U.S.C. § 3553(a) factors." *Id.*

Having carefully reviewed the record, we conclude that Siddiqui's admitted conduct was essential to the execution of the fraud conspiracy. Therefore, the district court did not

2

err, let alone plainly so, by denying Siddiqui the two-level reduction she sought. *See United States v. Pratt*, 239 F.3d 640, 646 (4th Cir. 2001). We further hold that Siddiqui has not made the showing necessary to rebut the presumption of reasonableness accorded her within-Guidelines sentence, and we discern no error in the district court's calculation of Siddiqui's loss or restitution amount. Finally, on the record before us, we conclude that Siddiqui should pursue her ineffective assistance claim, if at all, in a 28 U.S.C. § 2255 (2012) motion. *See United States v. Baptiste*, 596 F.3d 214, 216 n.1 (4th Cir. 2010).

In accordance with *Anders*, we have reviewed the entire record in this case and have found no meritorious issues for appeal. We therefore affirm the district court's judgment. This court requires that counsel inform Siddiqui, in writing, of the right to petition the Supreme Court of the United States for further review. If Siddiqui requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Siddiqui.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*

3